## JULIA GIRARDY
### vs.
## FRANK GIRARDY

Superior Court      Fairfield County      File #53707

MEMORANDUM FILED APRIL 11, 1938.

Lewis M. Bernstein, of Bridgeport, for the Plaintiff.

Louis Katz, of Danbury; Lazarus Heyman, of Danbury, for the Defendant.

ELLS, J.   Complete separation amounting to legal desertion has continued for more than the statutory period of three years; reconciliation cannot occur; one of the parties to the action is entitled to a divorce.   Each one claims desertion by the other.   Each one wants custody of the child.

The question as to which one did the deserting is unusually close.   The wife left her husband.   She claims she was forced out by his conduct, and that he ordered her to leave.   He claims his treatment was at all times exemplary, and denies he told her to get out.

The evidence discloses she left him and the child; that instead of going to her parents' home next door she went to Poughkeepsie with the aid of a male friend; and that he visited her frequently there.   There is sufficient in her subsequent conduct to indicate that the desertion was by her, and without sufficient justification, and I so find.

The real problem has to do with the custody of the nine-

year-old boy.  He is now with her parents.  They are worthy people and do the best they can, but there is a disturbing and distressing element in the household which I refrain from discussing.  The father (this defendant), maintains a fine home, but is away at work all day.  The house is in charge of a woman cousin who is an entire stranger to the boy.  This is a decisive factor.  The mother will give up her work and establish a home in Danbury for the child.  Under all these circumstances, she is the proper person from the viewpoint of the child's welfare.  The father is in all respects a proper person to have the complete custody.  He is apparently a good man, very industrious and of excellent character.  He is devoted to the child.  But the boy needs a mother's care, for the present at least.  She is therefore awarded custody, with the right of the father to the custody and control each Sunday from nine in the morning until nine in the evening, and the right to visit the child at reasonable times during the week.

This is far from a good solution.  It seems to be the best one available.  All we can do is to try it out and see how it works.  The welfare of the child is paramount.  If this plan does not succeed, a new one will be tried.

The husband is to pay five dollars a week toward the support of the child.  The wife is not entitled to alimony.